LILES, WOODIE A., Associate Judge (Retired).
Appellant, W. Taylor Moore, a third-party defendant in the trial court, appeals an order of the trial court granting a summary judgment in his favor but failing to award Appellant/Third Party Defendant’s attorney attorney fees pursuant to Section 57.-105, Florida Statutes, 1978.
Betty Lou Moore, now Betty Lou Curtis, and W. Taylor Moore were husband and wife. In their property settlement, she was awarded an encumbered 1974 Lincoln Continental. She filed petition for modification of the property settlement, and the indebtedness of the automobile was one of the main issues of that modification hearing. The court there ordered Appellant to assume all of the indebtedness over and above $4,500.00. The parties then obtained from the original plaintiff in this cause, Florida State Bank of Tallahassee, loans, and she pledged for her loan the Lincoln automobile. She failed to pay the note, and the bank brought suit. She, through her attorney, joined her former husband, this Appellant, as a third party defendant alleging that the third party defendant “is or may be liable to the original plaintiff for all or part of the monies sought in this matter.” He employed an attorney and defended the suit by way of a motion for summary judgment based on affidavits. His attorney also asked for reasonable attorney fees pursuant to the above-mentioned Florida statute. The court granted the summary judgment, and in its order said “the uncontroverted evidence shows no genuine issue of material fact and therefore, viewed in the light most favorable to the third party plaintiff, Betty Lou Moore, now Betty Lou Curtis, there is no evidence which would support a judgment in her favor.” He did not in his judgment rule on attorney fees. It therefore appears that this appeal is untimely and that Appellant’s position that the trial court failed to award attorney fees is premature in that the trial court has not ruled on the issue of attorney fees. If he did so, it is not reflected in the record. There must be a ruling by the trial judge before this court can review that ruling.
*868 This case is therefore affirmed insofar as the correctness of the summary judgment and remanded for the trial judge to decide the issue of attorney fees pursuant to this statute.
Affirmed in part and remanded in part.
LARRY G. SMITH and SHAW, JJ., concur.